UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DALE G. BENJAMIN                                                    CIVIL ACTION

VERSUS                                                              NO. 17-7017

MARLIN GUSMAN                                                       SECTION "B"(2)

### REPORT AND RECOMMENDATION

Plaintiff, Dale G. Benjamin, is a prisoner currently incarcerated in the Orleans Justice Complex ("the Orleans jail") in New Orleans, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman.

Benjamin alleges that he has been denied constitutionally adequate medical care for a variety of physical conditions while incarcerated in the Orleans jail. Among other things, he complains that his medical care in the jail has been inadequate for a spider bite, acid reflux, hip and neck pain, vomiting, difficulty eating and a fractured wrist caused when he fell after being given shoes that did not fit. In the relief section of his form complaint, he states: "I want the court to award me for my "pain and suffering." Record Doc. No. 1 (Complaint at ¶ V, p. 9).

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin

v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous, malicious or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  Duplicative and repetitive lawsuits are malicious for purposes of 28 U.S.C. § 1915(e)(2)(B)(i) and must be dismissed for that reason.  Potts v. Texas, No. 08-41177, 2009 WL 3806073, at *1 (5th Cir. Nov. 13, 2009) (citing Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).

> Courts may appropriately dismiss an in forma pauperis action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the in forma pauperis plaintiff." . . . In Pittman, the Fifth Circuit Court of Appeals noted that Wilson [v. Lynaugh] "essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of res judicata." The Circuit then agreed that a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Reading Pittman and Wilson in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of res judicata, whether or not the prior litigation has ended unsuccessfully for the plaintiff.
> It is well-settled that "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus." A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising

> out of a common nucleus of operative facts that could have been brought in the prior litigation.

McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Pittman, 980 F.2d at 994, 994-95; Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993).

In this case, plaintiff's Section 1983 complaint, construed broadly,[1] must be dismissed as malicious and duplicative under 28 U.S.C. § 1915(e)(2)(B)(i). Benjamin has asserted claims against Sheriff Gusman in the captioned complaint that are virtually identical to the claims asserted in an earlier filed case in this court. Dale G. Benjamin v. Marlin Gusman, C.A. No. 17-7014 "F"(5). In the earlier case, an order was entered on September 29, 2017, requiring the Compliance Director of the Orleans jail to have Benjamin medically evaluated, to provide any recommended treatment and to provide the court with a report in connection with its screening review of Benjamin's medical care claims. Id., Record Doc. No. 10. In this case, Benjamin is merely reasserting the same claims against the same defendant that have already been asserted and are being actively

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

addressed in his earlier filed case in this court. Thus, his current complaint must be dismissed as duplicative and malicious.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as duplicative and malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___17th___ day of October, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.